JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7255 FMO (PVCx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Maria E. Anaya v. FCA US LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:
None Present  None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On April 21, 2021, Maria Anaya ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against FCA US LLC ("FCA") and Scott Robinson Chrysler Dodge Jeep Ram ("Scott Robinson"), asserting, among other claims, breach of warranty claims under the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq. (See Dkt. 1, Notice of Removal ("NOR") at 2); (Dkt. 4, Exh.1, Complaint). Plaintiff's claims arise out of her purchase of a 2017 Jeep Cherokee in October 2017, (see Dkt. 4, Exh. 1, Complaint at ¶ 9), which she alleges contained numerous defects. (See id. at ¶ 11). Plaintiff alleges that she "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00[,]" (id. at ¶ 12), and that FCA's conduct was "willful," (id. at ¶¶ 15, 22, 25, 29), thus entitling plaintiffs to a "civil penalty of two times Plaintiff's actual damages[.]" (Id.); (see also id. at Prayer). On September 9, 2021, after plaintiff dismissed Scott Robinson, FCA removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at 1-2). Plaintiff now seeks remand. (See Dkt. 18, Motion to Remand ("Motion")). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court concludes as follows.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7255 FMO (PVCx) | Date | **May 31, 2022** |
|---|---|---|---|
| Title | **Maria E. Anaya v. FCA US LLC, et al.** | | |

stated, are strictly construed against removal jurisdiction.[1]  See id.  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**DISCUSSION**

Plaintiff contends that FCA has not shown that the amount in controversy exceeds $75,000. (See Dkt. 18-1, Plaintiff's Memorandum of Points and Authorities in Support of Motion to Remand at 4-16).  As noted above, the Complaint alleges that plaintiff "suffered damages . . . in an amount that is not less than $25,001.00[,]" (Dkt. 4, Exh. 1, Complaint at ¶ 12) (emphasis added), and that FCA's conduct was "willful," (id. at ¶¶ 15, 22, 25, 29), thus entitling plaintiff to a "civil penalty of two times Plaintiff's actual damages[.]"  (Id.); (see also id. at Prayer); see Cal. Civ. Code § 1794(c). However, as numerous courts in this circuit have found, such allegations are insufficient to show that the amount in controversy exceeds $75,000.[2]  See, e.g., Steeg v. Ford Motor Company, 2020 WL 2121508, *3 (N.D. Cal. 2020) (granting motion to remand based on language in complaint alleging that plaintiffs "suffered damages in a sum to be proven at trial in an amount not less than $25,000.01" and seeking civil penalties in the amount of two times plaintiffs' actual damages); Feichtmann v. FCA US LLC, 2020 WL 3277479, *3 (N.D. Cal. 2020) (granting motion to remand where the defendant contended the "the amount in controversy exceeds $75,000 because Plaintiff seeks not less than $25,001 in damages plus a civil penalty equal to twice these damages . . . as well as punitive damages and approximately $35,000 in attorneys' fees"); Limon-Gonzalez v. Kia Motors America, Inc., 2020 WL 3790838, *2 (C.D. Cal. 2020) ("Numerous district courts in this Circuit have concluded that Plaintiffs' Complaint language—i.e., that Plaintiffs suffered "damages in an amount that is not less than $25,001.00"—is too speculative to conclude that the amount in

---

[1]  For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2]  Although some courts have found the allegations sufficient, the court finds the cases cited above to be more persuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7255 FMO (PVCx) | Date | May 31, 2022 |
|---|---|---|---|
| Title | Maria E. Anaya v. FCA US LLC, et al. | | |

controversy is sati[s]fied."); Jones v. FCA US, LLC, 2022 WL 1154534, *2 (C.D. Cal. 2022) ("The Court concludes that the Complaint is ambiguous as to total damages and does not support Defendant's argument that the amount in controversy can be established based on Plaintiffs' allegations that they have suffered damages of at least $25,001."); id. at *3 ("Defendant has failed to demonstrate why the mileage offset should be based on the first time Plaintiffs brought the Subject Vehicle in for repair when Plaintiffs complained that the Subject Vehicle had numerous defects. . . . Defendant has failed to demonstrate that its calculation of actual damages is anything other than speculative and self-serving."); Nealy v. FCA US LLC, 2022 WL 1210970 (C.D. Cal. 2022) (remanding action based on similar allegations); Mahlmesiter v. FCA US, LLC, 2021 WL 1662578, *2 (C.D. Cal. 2021) ("This Court is persuaded by other courts that have reached the same result.").[3]

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Thus, there is no basis for diversity jurisdiction, or federal jurisdiction based on 15 U.S.C. § 2301.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 18)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer     gga

---

[3] Given the above, defendant has failed to show that plaintiff's other requests for relief satisfy the amount in controversy.